**AMERICAN SUPERIOR FEEDS, INC.,
d/b/a Bluebonnet Milling
Company, Appellee,**

v.

**Ernest BOURNE and Judy Bourne,
d/b/a Bourne's Farm Supply,
Appellants.**

**No. 79163.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 16, 1993.

Edward T. Tillery, Billy D. Vandever, Pauls Valley, for appellants.

Stephen Colbert, Ardmore, for appellees.

**MEMORANDUM OPINION**

HANSEN, Chief Judge:

American Superior Feeds, Inc., d/b/a Bluebonnet Milling Company, (Plaintiff/Appellant) filed suit against Ernest Bourne and Judy Bourne, d/b/a Bourne's Farm Supply (Defendants/Appellees) alleging Defendants breached a contract for the purchase of certain feed products. Plaintiff alleged that as a result of the breach of contract, Defendants were indebted to it in a sum certain. Defendants denied the allegations.

Prior to this lawsuit having been filed, Defendants entered into a contract to sell their farm and ranch business to a third party. The closing was scheduled for December 20, 1991. On December 19, 1991, Plaintiff obtained an ex parte order restraining Defendants from selling or disposing of their business property.

On January 2, 1992, the trial court dissolved the temporary restraining order and ordered Defendants to withhold $25,000.00 from any sale of their business if Plaintiff filed an application for attachment by January 3, 1992. On January 3, 1992, Plaintiff filed such an application for attachment. Plaintiff alleged, as grounds for attachment, that Defendants intended to place money from the proposed sale of their business beyond the reach of Plaintiff. *See* 12 O.S.1991 § 1151(6).[1]

In their objection to the application, Defendants stated "... Defendants are electing to satisfy, from the sale proceeds of their business, the acknowledged claims of the creditors listed on Exhibit 'A' attached hereto over the contingent [contract] claim of the Plaintiff." In his affidavit, Defendant Ernest Bourne stated, in part, "... I intend to disburse the proceeds of said sale to certain specified creditors of the subject

---

1. 12 O.S.1991 § 1151(6) provides:

The plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant, and upon the grounds herein stated:

.  .  .  .  .

6. Is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors;

business. A true and correct listing of the creditor's names, addresses, and the amount of their particular claim (as of November 15, 1991) that I intend to pay from the proceeds of the sale of my business is attached hereto." He further stated, "... I have no intention of removing any of my property from the jurisdiction or placing any of the proceeds of the sale of my business beyond the reach of my creditors."

On January 10, 1992, a hearing was held on Plaintiff's application. The trial court found "that defendants admit that it had failed to comply with the Oklahoma Bulk Sales Act found in 12A O.S. § 6–201 et seq. The purpose of the bulk sales act is to protect both the creditors and the buyer to whom defendants intend to sell and to allow an orderly distribution of assets." It then ordered and restrained Defendants not to dispose of and retain $25,000.00 from the proceeds of the sale of the subject property and to place the monies in Defendants' attorney's trust account or some suitable escrow agent.

On January 23, 1992, Defendants filed a motion to discharge the order of attachment. This motion was denied without a hearing on February 10, 1992. The trial court characterized the motion as a motion for a new trial, and, as such, held that it was filed out of time. It is from this order Defendants appeal.

Defendants argue the trial court erred in denying their motion to discharge the attachment order without a prompt hearing as required by 12 O.S.1991 § 1241. Section 1241 provides:

The defendant may, at any time before judgment upon reasonable notice to the plaintiff, move to discharge an attachment, as to the whole or part of the property attached. A motion to discharge an attachment shall be heard promptly, and in any case within five (5) days after the date that it was filed....

The language of the statute is clear and unambiguous. There is no time limit, other than "before judgment," within which Defendants had to file the motion to discharge. Defendants' motion to discharge was not filed out of time.

Plaintiff claims the arguments advanced by Defendants in their motion to discharge have already been addressed and determined by the trial court; thus, Defendants' motion to discharge is, "in essence," a motion for new trial. We disagree. Not all arguments raised by Defendants have been determined by the trial court. The trial court erred in denying Defendants' motion to discharge without a hearing.

The parties' respective requests for costs and attorney fees are denied.

The matter is Reversed and Remanded for a hearing on Defendants' motion to discharge the order of attachment.

BAILEY, P.J., and HUNTER, J., concur.